O-2973



# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 31, 1949

Hon. Stuart B. Lumpkins
County Attorney
Ellis County
Waxahachie, Texas

Opinion No. V-832

Re: Maximum salary
that may be
paid the County
Auditor of Ellis
County per year.

Dear Sir:

Your letter submits the following questions:

"(1) Do the provisions of Article 1645d-1 or Article 1645e-1 apply to the salary of the Auditor of Ellis County, or does Article 1645, as amended in 1941 by Acts of 47th Leg., Ch.601, P. 1331, apply to such salary of the Auditor of Ellis County?

"(2) What is the maximum salary which may be paid to the Auditor of Ellis County?'

Ellis County has a population of 47,733 inhabitants according to the 1940 Federal Census and has an assessed valuation of $30,852,830.00 according to a copy of the last approved tax rolls, which is on file in the Comptroller's office.

Senate Bill 119, Acts of the 47th Legislature, Regular Session, 1941, Chapter 601, page 331, being the last amendment to Article 1645, V.C.S., reads in part as follows:

"Article 1645.

"In any county having a population of thirty-five thousand (35,000) inhabitants, or over, according to the last preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000.00) Dollars or over, according to the last approved tax roll, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years

and who shall receive as compensation for
his services to the county as such County
Auditor, an annual salary of not more than
the annual salary allowed or paid the Asses-
sor and Collector of Taxes in his county,
and not less than the annual salary allowed
such County Auditor under the general law
provided in Article 1645, Revised Civil
Statutes, as said Article existed on Jan-
uary 1, 1940. . . .

"Sec. 3. All laws or parts of laws
which are in conflict herewith are hereby
expressly repealed. . . .

"Sec. 4. The fact that there are now
many laws on the subject of the salaries
of county auditors caused by various amend-
ments to said Articles 1645 and 1646 and the
further fact that it would be desirable and
advantageous to the several counties that
all County Auditors be placed under one
general law, creates an emergency, . . ."

In Attorney General Opinion No. O-2973, by
a former administration, which was released December 20,
1940, it was held that Articles 1645d-1 and 1645e-1 of
Vernon's Civil Statutes were unconstitutional. Subse-
quent to the date of this opinion, the 47th Legislature
amended Article 1645 by Senate Bill 119, which became
effective July 9, 1941, and therein repealed Articles
1645d-1, 1645e-1, and all other conflicting laws. The
emergency clause recites "that there are now many laws
on the subject of salaries of county auditors . . .
and that it would be desirable and advantageous to the
several counties that all county auditors be placed under
one general law." Consequently Article 1645, as amended
by Senate Bill 119, is now applicable to the compensation
of the county auditor of Ellis County. Section 1 of this
article, as amended, provides, that the county auditor
shall receive as compensation "an annual salary of not
more than the annual salary allowed or paid the Assessor-
Collector of Taxes in his county."

According to your brief, the Assessor-Collector
of Taxes in Ellis County is paid an annual salary of
$4,675.00. Therefore the maximum annual salary which
may be paid to the County Auditor of your County is the
sum of $4,675.00.

## SUMMARY

The maximum annual compensation which may now be paid to the County Auditor of Ellis County is an amount not exceeding the current annual salary allowed or paid to the Assessor and Collector of Taxes of Ellis County, which is $4,675.00. Art. 1645, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

WTW:amm

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL